Curia, per

Earle, J.
It is very well settled that an execution once levied upon sufficient personal property, is to be regarded as satisfied, until the levy is disposed of. Mazyck & Bell vs. Coil, 2 Bail. 101. In Clerk vs. Withers, Lord Raymond, 1072, Gould, J., said, “the defendant, by this seizing of his goods in execution, is discharged of the judgment;” and Holt; Ch. J., said, “the defendant may plead “levied by Ji. fa.” in bar to an action .on the judgment.” And this would be true, although the sheriff might-waste the goods or misapply the money. If the action here had been upon the former judgment, as a new cause of' action, the plaintiffs would doubtless be permitted to prove that, the horses levied on were not sold by the sheriff, but were, in fact, restored to the possession of the defendant himself, and thus rebut the presumption of satisfaction arising from the levy. Here, the attempt is by rule to obtain funds which the sheriff has made by the sale of other property, upon an execution lodged more than ten years after that of the plaintiffs. By the levy of their execution on two horses, which we are to presume, until the contrary appears, was enough to pay their debt, as that, *352 with the interest and costs, did not much exceed thirty dollars, their lien upon other property of the defendant was suspended until the horses were disposed of and found insufficient. Nor could it be restored by their own act in releasing the levy, after the levy and sale under the junior execution. The plaintiffs suspended the sale, by directing the sheriff not to advertize; but they still retained their hold upon the property under the levy, and if their execution is not satisfied, may proceed to retake it, if they can. Motion refused.
Richardson, O’Neall and Evans, JJ., concurred.